# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RENEE MCDONALD, on behalf of
herself and all others similarly situated,

      Plaintiff,

vs.                                           Case No. 3:20-cv-516-MMH-MCR

PAPERLESSPAY CORPORATION
and MARK BROUGHTON,

      Defendants.
_____/

KEVIN THOMPSON and
TARA SHEARER,

      Plaintiffs,

vs.                                           Case No. 3:20-cv-864-MMH-JRK

PAPERLESSPAY CORPORATION,

      Defendant.
_____/

SAMUEL HUSS, on behalf of
himself and all others similarly situated,

      Plaintiff,

vs.                                           Case No. 3:20-cv-961-MMH-JRK

PAPERLESSPAY CORPORATION
and FAREWAY STORES, INC.,

      Defendants.
_____/

ELLEANOR SPANN, on behalf of
herself and all others similarly situated,

      Plaintiff,

vs.                                         Case No. 3:20-cv-1005-MMH-MCR

PAPERLESSPAY CORPORATION
and PRISMA HEALTH,

      Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiffs' Motion to Consolidate Actions and Appoint Interim Class Counsel (Motion), filed on October 9, 2020, in three of the four above-captioned cases. See Case No. 3:20-cv-516 (McDonald Action), Doc. 34; Case No. 3:20-cv-961 (Huss Action), Doc. 21; Case No. 3:20-cv-1005 (Spann Action), Doc. 19.[1] In the Motion, Plaintiffs move to consolidate the four PaperlessPay cases captioned above pursuant to Rule 42, Federal Rules of Civil Procedure (Rule(s)), and ask the Court to appoint interim class counsel pursuant to Rule 23(g). See Motion at 1.[2] Defendant

---

[1] It is unclear why Plaintiffs did not file the Motion in Case No. 3:20-cv-864 (the Thompson Action). Plaintiffs Thompson and Shearer appear to join in the Motion, and the caption of the Motion indicates an intent to file it in all four of the PaperlessPay cases. See Motion at 1; see also Statement of Non-Opposition to Defendant's Motion for Extension of Time (Thompson Action, Doc. 25). As PaperlessPay is the only Defendant named in the Thompson action, and has indicated its consent to consolidation of all four cases, the Court will proceed as if the Motion were filed in all four actions.

[2] Specifically, Plaintiffs ask the Court to appoint "the law firms of Finkelstein, Blankinship, Frei-Pearson, Garber, LLP; Mason Lietz & Klinger, LLP; and Thomas & Solomon LLP as interim co-lead class counsel, appoint the law firm of Federman & Sherwood, LLP to the

- 2 -

PaperlessPay Corporation filed a response to the Motion on October 23, 2020. See Defendant PaperlessPay Corporation's Opposition to Plaintiffs' Motion to Consolidate Actions and Appoint Interim Class Counsel (PaperlessPay Response) (McDonald Action, Doc. 36; Huss Action, Doc. 26; Spann Action, Doc. 30). In its Response, PaperlessPay indicates that it "does not oppose consolidation of the four cases currently pending before this Court," but asserts that the Court should deny the Motion "to the extent it seeks appointment of interim class co-counsel." See PaperlessPay Response at 1 n.1, 7. Defendant Fareway Stores, Inc., named only in the Huss Action, filed a response in opposition to the Motion on October 23, 2020. See Defendant Fareway Stores, Inc.'s Response in Opposition to Plaintiffs' Motion to Consolidate Actions and Appoint Interim Class Counsel (Fareway Response) (Huss Action, Doc. 25). On the same date, Defendant Prisma Health, named only in the Spann Action, also filed a response in opposition to the Motion. See Defendant Prisma Health's Opposition to Plaintiffs' Motion to Consolidate and to Appoint Interim

---

Executive Committee, and appoint all firms as interim class co-counsel." See Motion at 19. Finkelstein, Blankinship, Frei-Pearson, Garber, LLP (FBFG) and Thomas & Solomon, LLP (TS) are firms currently representing Plaintiff Renee McDonald (20cv516). Mason Lietz & Klinger, LLP (MLK) currently represents Plaintiffs Samuel Huss (20cv961) and Elleanor Spann (20cv1005). Federman & Sherwood, LLP (FS) is counsel of record for Kevin Thompson and Tara Shearer (20cv864). To the extent there are other counsel of record on the docket for these various Plaintiffs, none of those attorneys have filed anything to suggest that they object to the appointment of those four firms as interim class counsel.

Counsel (Prisma Motion) (<u>Spann</u> Action, Doc. 27).  Accordingly, this matter is ripe for review.³

## I.     Background

The four above-captioned actions (the PaperlessPay Cases) were initiated in federal court from May through September of 2020.  Although initially assigned to different district judges, the cases were transferred to the undersigned pursuant to Local Rule 1.04(b), United States District Court, Middle District of Florida.⁴  Plaintiffs in all four cases bring claims seeking class-wide relief against Defendant PaperlessPay Corporation, a company which provides payroll and human resources services to its clients—employers such as Prisma Health and Fareway Stores, Inc., among many others.  Plaintiffs, and the classes they seek to represent, are current or former employees of PaperlessPay's employer-clients.   Each of the PaperlessPay Cases stem from an alleged February 18, 2020 data breach on PaperlessPay's servers in which unauthorized hackers obtained access to the sensitive personally identifiable information (PII) of the plaintiff-employees, such as their names, addresses, pay and witholdings information, bank account

---

³ Despite having appeared in the case and adequate time to do so, Defendant Mark Broughton, named only in the <u>McDonald</u> Action, did not file a response to the Motion.  Notably, he is represented by the same counsel as PaperlessPay.

⁴ The Court recently amended its Local Rules, taking effect February 1, 2021.  The Court's citation here is to the previous version of the Local Rules, in effect at that time, which permitted related cases to be transferred to the same judge with that judge's consent.

numbers and information, and Social Security numbers.  Plaintiffs maintain that this sensitive information was and may still be available on the dark web, exposing Plaintiffs and the putative class members to a substantial risk of identity theft.  Plaintiffs also contend that PaperlessPay failed to properly inform the affected individuals of the data breach.  In two of the cases, Huss and Spann, the respective Plaintiffs also contend that each of their employers who utilized PaperlessPay's payroll services, specifically Prisma Health in Spann and Fareway Stores, Inc. in Huss, are also liable for the damage caused to their employees by the data breach.

As to the specific claims raised, Plaintiffs in all four cases allege causes of action for negligence and breach of contract against PaperlessPay. Additionally, in two of the cases (McDonald and Thompson), Plaintiffs include claims of breach of implied contract and unjust enrichment against PaperlessPay, while in the other two cases (Spann and Huss), Plaintiffs set forth claims of intrusion upon seclusion/invasion of privacy and breach of confidence against PaperlessPay.  Plaintiff in McDonald also brings a claim under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) against PaperlessPay, and asserts negligence and FDUTPA claims against PaperlessPay's chief executive officer, Mark Broughton.  In the Huss and Spann Actions, Plaintiffs also assert causes of action against their respective

employers, Fareway and Prisma, for breach of contract, breach of implied contract, intrusion upon seclusion/invasion of privacy, and breach of confidence.

## II. Consolidation

### a. Applicable Law

Rule 42 governs consolidation and provides as follows:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

(b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

This Rule "codifies a district court's 'inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" See Young v. City of Augusta, Ga. through DeVaney, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting Hendrix v. Raybestos–Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)).  However, while consolidation "is permitted as a matter of convenience and economy in administration," it "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." See Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)

(discussing the statute that predated Rule 42); Hall v. Hall, 138 S. Ct. 1118, 1128-29, 1131 (2018) (explaining that because Rule 42 did not define the word consolidation, it "presumably carried forward the same meaning we had ascribed to it under the consolidation statute for 125 years, and had just recently reaffirmed in Johnson"); see also Boardman Petro., Inc. v. Fed. Mut. Ins. Co., 135 F.3d 750, 752 (11th Cir. 1998) ("[C]onsolidation of cases under Fed.R.Civ.P. 42 does not strip the cases of their individual identities.").

In Hendrix, the Eleventh Circuit Court of Appeals instructs that to determine whether to exercise its discretion to consolidate, a district court must consider:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

Hendrix, 776 F.2d at 1495 (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)). The Hendrix Court further directs district courts to consider "the extent to which the risks of prejudice and confusion that might attend a consolidated trial can be alleviated by utilizing cautionary instructions to the jury during the trial and controlling the manner in which the plaintiffs' claims (including the defenses thereto) are submitted to the jury for deliberation." Id. Notably, the Eleventh Circuit has "encouraged trial judges

to 'make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion.'" Id. (alteration in original) (quoting Dupont v. Southern Pacific Co., 366 F.2d 193, 195 (5th Cir.1966)); see also Eghnayem v. Bos. Sci. Corp., 873 F.3d 1304, 1314 (11th Cir. 2017).

### b. Discussion

Upon review, the Court finds that the PaperlessPay Cases plainly involve common questions of law and fact. Although there are slight distinctions in proposed class definitions and specific causes of action, each case raises similar claims against PaperlessPay, concerning the same underlying data breach, resulting in generally the same type of alleged harm, to the same broad category of putative class members. As such, these Cases will involve related factual issues such as the extent of PaperlessPay's security measures, any representations it made prior to the breach regarding its data security, the nature and extent of the data breach, PaperlessPay's response to the breach, its contractual arrangements with its clients, and the nature and extent of any damages to the employees from the data breach itself. In addition, each case will likely involve common issues of law, such as whether and to what extent PaperlessPay owed a duty to the employees of its clients, whether its security measures or lack thereof constituted a breach of those duties, and whether employees of PaperlessPay's clients were third-party beneficiaries of PaperlessPay's client agreements. Moreover, while some of the Plaintiffs

propose distinct subclasses, in each of the PaperlessPay Cases the respective Plaintiffs seek to represent a largely overlapping class consisting of the employees affected by the data breach. Thus, if not consolidated, each of these cases will likely present largely duplicative requests for class certification raising common legal issues on whether certification is appropriate and the proper definition of any such class.

Defendants Fareway and Prisma (the Employer Defendants), each named in only one of the four PaperlessPay Cases, <u>Huss</u> and <u>Spann</u> respectively, oppose consolidation. The Employer Defendants contend that Huss and Spann's claims against them present distinct and individualized questions of law and fact, such as the particular terms of their respective employment agreements with their respective employees, industry practice and standards for their particular industries, factual and legal questions related to Fareway and Prisma's intent, and their individual efforts to notify their specific employees of the breach, among others. Fareway and Prisma both contend that consolidation will increase discovery costs, lead to delays, cause confusion, and unfairly prejudice them by lumping them together with PaperlessPay.

Upon due consideration of the arguments raised in the briefs and the applicable standards, the Court is convinced that consolidation at this time is appropriate. Given the broad commonality between each of the four PaperlessPay Cases, the Court finds that consolidation is likely to promote

efficiency, reduce redundancy, and conserve judicial resources. Moreover, the cases are all currently in the same procedural posture, pending before the same district judge, and likely to follow a similar course of development. Thus, this is not a case where consolidation will result in the delay of an otherwise trial-ready action.

While the Court does not disagree that the specific claims against Fareway and Prisma will likely involve some distinct legal and factual questions, those concerns are outweighed by the burden that would be imposed on the Court, other parties, and witnesses if these four overlapping class actions proceeded separately. See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., 229 F.R.D. 395, 402 (S.D.N.Y. 2004) ("Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. That certain defendants are named in only one or some of the complaints does not require a different result." (internal citation omitted) (collecting cases)); see also Am. Family Home Ins. Co. v. Hillery, No. 08-0547-WS-C, 2009 WL 2711901, at *2 (S.D. Ala. July 20, 2009) ("Identity of the parties is not a prerequisite; to the contrary, '[c]ases may be consolidated even where certain defendants are named in only one of the complaints.'" (quoting Jacobs v. Castillo, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009)); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2384 (3d ed.) ("If an appropriate common question exists, federal courts often have consolidated

actions despite differences in the parties."). Indeed, while Fareway and Prisma contend that confusion, prejudice and increased costs will result from forcing them to defend these matters alongside PaperlessPay, both of these Defendants are already joined with PaperlessPay in the Huss and Spann lawsuits, and neither Fareway nor Prisma has requested severance. Thus, consolidating the Huss and Spann lawsuits with McDonald and Thompson will reduce the redundancy and inefficiency presented by the duplicative claims raised against PaperlessPay, without significantly expanding the scope of the litigation in which Prisma and Fareway are already involved.

As such, and having considered the factors set forth in Hendrix, the Court will grant the Motion to the extent Plaintiffs seek consolidation of the four PaperlessPay Cases. Nevertheless, the Court recognizes that the claims against the Employer Defendants do involve some distinct legal and factual issues. To the extent Prisma and Fareway believe that a consolidated trial will be unfairly prejudicial, or confusing to the jury, they may move for severance at the appropriate time.

### III. Interim Counsel

Plaintiffs also request that the Court appoint interim class counsel pursuant to Rule 23(g)(3). This provision permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." See Rule 23(g)(3). The advisory

committee notes to the Rule explain that "[i]n some cases, . . . there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." See Rule 23, adv. comm. note 2003 amend., Paragraph (2)(A). Similarly, the Manual for Complex Litigation advises that:

> If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary. If, however, there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers <u>may compete for class counsel appointment</u>. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.

See Manual for Complex Litigation (Fourth) § 21.11 (2004) (emphasis added). Significantly, regardless of whether the Court formally appoints interim counsel, "an attorney who acts on behalf of the class before certification must act in the best interests of the class as a whole." See Rule 23, adv. comm. note 2003 amend., Paragraph (2)(A).

Here, four different law firms, each currently representing one or more of the Plaintiffs involved in the four PaperlessPay Cases, rather than competing with each other, are requesting appointment as interim class counsel together. And significantly, the Court is not otherwise presented with any competing claims for appointment. As noted above, Plaintiffs request that the Court appoint FBFG, MLK, TS, and FS as "interim class co-counsel," and designate

FBFG, MLK, and TS as "interim co-lead class counsel," with FS as a member of "class counsel's executive committee." See Motion at 1; see supra n.2. Plaintiffs contend that appointment of interim class counsel "will serve judicial efficiency by avoiding the need for duplicative discovery and motion practice," "avoid confusion amongst class members that would otherwise be created given the existence of multiple actions and law firms representing class members," and "allow [interim counsel] to make litigation decisions on behalf of the class, eliminating any uncertainty as to how the case will [be] conducted . . . ." See Motion at 2. However, as the Court will direct the consolidation of the PaperlessPay Cases, and given that Plaintiffs' counsel have all agreed on the management of the consolidated cases, the Court does not find it necessary to formally appoint interim counsel at this time.

Notably, Plaintiffs have not identified any competing suits in this or other courts, nor do Plaintiffs suggest that other, similar actions arising out of the data breach are forthcoming. Indeed, it has been over six months since the last of these four lawsuits was initiated and, to the best of this Court's knowledge, no additional cases have been filed in that time. Thus, under the circumstances, "appointment would accomplish little other than 'merely to maintain the status quo.'" In re Seagate Tech LLC Litig., Case No. 16-cv-523-RMW, 2016 WL 3401989, at *4 (N.D. Cal. June 21, 2016). As such, the Court

will deny the request to appoint interim counsel at this time and take up the appointment of class counsel when it addresses class certification.

## IV. Conclusion

For the reasons set forth above, the Court finds that the McDonald, Thompson, Huss, and Spann Actions present a number of common factual and legal issues warranting consolidation. Given the myriad overlapping issues, and largely duplicative proposed classes, the Court is convinced that consolidation will promote the efficient handling of these cases and conserve judicial resources.[5] However, because counsel for Plaintiffs have agreed on the management of these cases going forward, the Court finds that formal appointment of interim class counsel is not necessary at this time and will address the issue at the class certification stage. Based on the foregoing, the Court will direct the Clerk of the Court to consolidate these actions and instruct the parties to make any future filings in the lead case, Case No. 3:20-cv-516-MMH-MCR. The Court will further direct the parties to confer and file a case management report. Last, the Court notes that on July 20, 2020, Plaintiff in

---

[5] Although not addressed in the Motion, other filings in the PaperlessPay Cases have indicated that Plaintiffs intend to file a consolidated complaint. Given the similarity in the proposed classes, overlapping factual allegations, and duplicative claims, the Court finds that the filing of a consolidated complaint is appropriate in this action and will direct Plaintiffs to do so in the lead case. See Manual for Complex Litigation (Fourth) § 21.25 (2004); Wright & Miller, supra § 2382 ("Courts have interpreted Rule 42(a) as authorizing the filing of a unified or master complaint, used often in complex litigation, in cases consolidated both for pretrial discovery and for trial.").

the McDonald Action filed a motion seeking class certification (Doc. 16) in accordance with a prior version of this Court's Local Rules which mandated the filing of such motions within 90 days of the initiation of the case.   However, in light of the Court's ruling on consolidation, and because the Local Rules were recently revised and no longer impose that filing deadline, the Court will deny the pending motion for class certification without prejudice to re-filing in accordance with the schedule set in the forthcoming case management and scheduling order.[6]

Accordingly, it is

**ORDERED**:

1. Plaintiffs' Motion to Consolidate Actions and Appoint Interim Class Counsel is **GRANTED, in part, and DENIED, in part**.

    A. The Motion is **GRANTED** to the extent the Court directs the consolidation of the four above-captioned cases.

    B. The Motion is otherwise **DENIED**.

---

[6] The United States District Court for the Middle District of Florida made substantial revisions to its Local Rules which took effect on February 1, 2021.  The Court points the parties to revised Local Rule 3.02 which now requires the use of a uniform case management report, available on the Court's website.  See Local Rule 3.02(a)(2).  Notably, the uniform case management report allows the parties to propose a deadline for a class certification motion.

2. The Clerk of the Court is directed to **consolidate** the above cases and to terminate any pending motions in Case Nos. 3:20-cv-864-MMH-JRK, 3:20-cv-961-MMH-JRK, and 3:20-cv-1005-MMH-MCR.

3. The parties are directed to use the above case heading for all future filings, which shall be made only in the lead case, Case No. 3:20-cv-516-MMH-MCR.

4. On or before **April 7, 2021**, Plaintiffs shall file a consolidated complaint in the lead case.

5. On or before **May 7, 2021**, Defendants shall answer or otherwise respond to the consolidated complaint.

6. On or before **May 26, 2021**, the parties shall confer and file a case management report in accordance with Local Rule 3.02.

7. The Memorandum of Law in Support of Plaintiff's Motion for Class Certification Pursuant to Rule 23 (Doc. 16) is **DENIED without prejudice** to refiling pursuant to the schedule set in the forthcoming case management scheduling order.

**DONE AND ORDERED** at Jacksonville, Florida on March 11, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:
Counsel of Record