**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBIN ALLGOOD and DAVID COLLINS,

Plaintiffs,

v.

PAPERLESSPAY CORPORATION,

Defendant.

Civil Action No. 3:20-cv-00516-MMH-MCR

**DEFENDANT PAPERLESSPAY CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

**BISHOP & MILLS**

Thomas E. Bishop, Esq.
Florida Bar Number 956236
1 Independent Drive, Suite 1700
Jacksonville, FL 32202
T: (904) 598-0034
F: (904) 598-0395
tbishop@bishopmills.com

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

Ronald I. Raether, Jr., Esq.*
(*admitted *pro hac vice*)
5 Park Plaza, Suite 1400
Irvine, CA 92614
T: (949) 622-2700
F: (949) 622-2739
ron.raether@troutman.com

Keith J. Barnett, Esq.*
(*admitted *pro hac vice*)
John S. Gibbs, III, Esq.
Florida Bar Number 91102
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
T: (404) 885-3000
F: (404) 885-3900
evan.gibbs@troutman.com
keith.barnett@troutman.com

*Counsel for Defendant PaperlessPay Corporation*

# TABLE OF CONTENTS


I. ARGUMENT ....... 1

A. PaperlessPay's 12(b)(1) Motion to Dismiss Should Be Granted ....... 1

1. PaperlessPay Never Prevented Plaintiffs from Conducting Article III Discovery. ....... 1

2. District Courts in this Circuit Accept and Consider Extrinsic Evidence When a Party Factually Attacks Jurisdiction Through a 12(b)(1) Motion to Dismiss. ....... 2

3. Plaintiffs' Reliance on *In re Blackbaud, Inc.* is Misplaced ....... 3

B. PaperlessPay's 12(b)(6) Motion to Dismiss Should Be Granted ....... 4

1. The Negligence and Breach of Contract Claims Fail ....... 4

2. The Unjust Enrichment Claim Fails ....... 5

3. The Intrusion Upon Seclusion/Invasion of Privacy Claim Fails ....... 6

4. The Breach of Confidence Claim Fails ....... 6

5. The FDUTPA Claim Fails ....... 7

6. The Declaratory Judgment Claim Fails ....... 7

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Blahous v. Sarrell Reg'l Dental Ctr. for Pub. Health, Inc.*, No. 2:19-CV-798-RAH-SMD, 2020 WL 4016246 (M.D. Ala. July 16, 2020)....3

*Burns v. Mammoth Media, Inc.*, No. CV2004855DDPSKX, 2021 WL 3500964 (C.D. Cal. Aug. 6, 2021)....2, 4

*Burrows v. Purchasing Power, LLC*, No. 1:12-CV-22800-UU, 2012 WL 9391827 (S.D. Fla. Oct. 18, 2012)....6, 7

*Carlisi v. Sprintcom, Inc.*, No. 06-60751-CIV, 2006 WL 8432613 (S.D. Fla. Sept. 6, 2006)....6

*In re Blackbaud, Inc. Customer Data Breach Litigation*, No. 3:20-MN-02972-JMC, 2021 WL 2718439 (D.S.C. July 1, 2021)....3, 4

*In re Blackbaud, Inc.*, No. 3:20-mn-02972-JMC, 2021 U.S. Dist. LEXIS 151831 (D.S.C. Aug. 12, 2021)....7

*In re Brinker Data Incident Litig. (In re Brinker I)*, No. 3:18-CV-686-J-32MCR, 2019 WL 3502993 (M.D. Fla. Aug. 1, 2019)....3

*In re Brinker Data Incident Litig. (In re Brinker II)*, No. 3:18-CV-686-J-32MCR, 2020 WL 691848 (M.D. Fla. Jan. 27, 2020).... 4, 5, 6, 7

*In re Brinker Data Incident Litig. (In re Brinker III)*, No. 3:18-CV-686-J-32MCR, 2020 WL 4287270 (M.D. Fla. July 27, 2020)....7

*In re Capital One Consumer Data Security Breach Litigation*, 488 F. Supp. 3d 374 (E.D. Va. 2020)....6

*In re ConAgra Peanut Butter Prod. Liab. Litig.*, No. 1:07MD1845-TWT, 2008 WL 2132233 (N.D. Ga. May 21, 2008)....5

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942 (S.D. Cal. 2014), *order corrected*, No. 11MD2258 AJB (MDD), 2014 WL 12603117 (S.D. Cal. Feb. 10, 2014)....7

*Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990) ....................................................2
*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir.1977)..........................2
*Provost v. Aptos, Inc.*, No. 1:17-CV-02120-ELR, 2018 WL 1465766
(N.D. Ga. Mar. 12, 2018) ...........................................................................3
*Resnick v. AvMed, Inc.*, No. 1:10-CV-24513-JLK, 2011 WL 1303217
(S.D. Fla. Apr. 5, 2011) .............................................................................6
*Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332 (11th Cir. 2021) ....................2
*Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021) ........................................................5
*Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359 (S.D. Fla. 2015).......5
*Welborn v. IRS*, 218 F. Supp. 3d 64 (D.D.C. 2016) ...............................................6, 7
*Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CIV, 2011 WL 4901346
(S.D. Fla. Oct. 14, 2011)..............................................................................5

# I. ARGUMENT

## A. PaperlessPay's 12(b)(1) Motion to Dismiss Should Be Granted.

Plaintiffs make three legally flawed arguments to oppose PaperlessPay's motion to dismiss: (1) they have not had a chance to take discovery; (2) this Court cannot consider extrinsic evidence when considering a 12(b)(1) motion to dismiss; and (3) the legal and factual issues concerning the cause of Plaintiffs' alleged harm in this case are so intertwined that it is not appropriate for this Court to grant a Rule 12(b)(1) motion before the parties engage in discovery. For the reasons stated below, these arguments fail.

### 1. PaperlessPay Never Prevented Plaintiffs from Conducting Article III Discovery.

Plaintiffs' argument that they never had a chance to conduct discovery is not true. In October 2020, PaperlessPay's counsel informed Plaintiffs' counsel that PaperlessPay had evidence, following the investigations of PaperlessPay, Ankura, the DHS and FBI, that no data exfiltration had occurred and, therefore, Plaintiffs could not have been harmed. (Declaration of Keith J. Barnett ("K.B. Decl."), ¶ 2-3.) PaperlessPay later proposed that the parties conduct Article III discovery. (*Id*. at ¶ 4.)

A review of the consolidated case dockets reveals that all Plaintiffs (former and current) consented to extensions of the deadline to file a Case Management Report. (*Id*.) ***Plaintiffs*** also proposed to stay discovery on June 10, 2021, seven months after PaperlessPay informed Plaintiffs' counsel that there is no evidence of data exfiltration and three weeks after PaperlessPay filed the instant Motion. (*Id*.) Plaintiffs have had

ample opportunity to conduct Article III discovery, PaperlessPay encouraged such discovery, but Plaintiffs decided against it. (*Id*.) This issue is ripe for a decision.

**2. District Courts in this Circuit Accept and Consider Extrinsic Evidence When a Party Factually Attacks Jurisdiction Through a 12(b)(1) Motion to Dismiss.**

It is well settled in this Circuit that district courts can consider and weigh extrinsic evidence with respect to a 12(b)(1) motion to dismiss where, as here, a defendant factually attacks a Complaint. "'Factual attacks,'" . . . [pursuant to a 12(b)(1) motion] challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)); *see also Burns v. Mammoth Media, Inc.*, No. CV2004855DDPSKX, 2021 WL 3500964, at *2-3 (C.D. Cal. Aug. 6, 2021) (granting 12(b)(1) motion under similar circumstances.)

PaperlessPay submitted evidence revealing that it never had Plaintiff Allgood's social security number. (M.B. Decl., ¶ 19; Kroll Summary at 9, 11.) PaperlessPay also submitted evidence revealing that data was never exfiltrated from PaperlessPay's servers. (M.B. Decl., ¶¶ 10, 14-15; M.S. Decl., ¶¶ 3-5, 7.) Plaintiffs' opposition only cites their demonstrably false allegations in the CCAC. Unsupported allegations cannot contradict actual evidence. *Burns*, 2021 WL 3500964, at *4. Plaintiffs failed to submit, and cannot submit, any evidence supporting their allegations. *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1343-44 (11th Cir. 2021) ("[T]hreadbare allegations of 'increased risk' are insufficient to confer standing."); *In re Brinker Data*

*Incident Litig. (In re Brinker I)*, No. 3:18-CV-686-J-32MCR, 2019 WL 3502993, at *6 (M.D. Fla. Aug. 1, 2019) ("'spending time and [] continu[ing] to spend time monitoring [] accounts" [are] insufficient to establish non-speculative future injury); *Blahous v. Sarrell Reg'l Dental Ctr. for Pub. Health, Inc.*, No. 2:19-CV-798-RAH-SMD, 2020 WL 4016246, at *6 (M.D. Ala. July 16, 2020); *Provost v. Aptos, Inc.*, No. 1:17-CV-02120-ELR, 2018 WL 1465766, at *3 (N.D. Ga. Mar. 12, 2018). Because PaperlessPay never possessed Plaintiff Allgood's social security number, and no PII was ever exfiltrated, it necessarily follows that Plaintiffs' purported harm alleged in the CCAC has nothing to do with PaperlessPay. Dismissal is appropriate.

### 3. Plaintiffs' Reliance on *In re Blackbaud, Inc.* is Misplaced.

Plaintiffs cite to *In re Blackbaud, Inc. Customer Data Breach Litigation*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) ("*Blackbaud*") to argue that PaperlessPay's factual attack is intertwined with the merits of their claims and, therefore, this case is not subject to a Rule 12(b)(1) motion to dismiss. Plaintiffs argue that "the defendant in the Blackbaud MDL mounted a factual attack on plaintiffs' standing based upon a report generated by Kroll that called into question the 'traceability' of plaintiffs' injuries to the data breach in question." (Opp. p. 6.) Plaintiffs' recitation of *Blackbaud* is incomplete. So incomplete that could render Plaintiffs' argument misleading. Plaintiffs omitted the critical fact that the *Blackbaud* defendant suffered a ransomware attack in which the threat actors infiltrated its computer networks, ***copied plaintiffs' data, and held it for ransom***. *Id*. at *2. That is not the case here as Plaintiffs' data has never been exfiltrated, copied, or held for ransom.

While it is true that the *Blackbaud* defendant presented evidence that the plaintiffs' data had been accessed in other security attacks that did not concern the *Blackbaud* defendant, the district court in *Blackbaud* denied defendant's 12(b)(1) motion to dismiss because the district court could not decipher which security attack caused the plaintiffs' alleged harm. *In Re Blackbaud, Inc.*, 2021 WL 2718439, at *7. The district court in this case, however, will not have to decipher the cause of Plaintiffs' alleged harm because the undisputed evidence reveals that PaperlessPay never had possession of Plaintiff Allgood's social security number; and the undisputed evidence reveals that there was no data exfiltration regardless. (M.B. Decl., ¶ 7-8, 10-11, 15; M.S. Decl., ¶¶ 3-5, 7.) Because granting PaperlessPay's 12(b)(1) motion to dismiss will not require this Court to decipher the source of Plaintiffs' alleged harm, the rationale supporting the *Blackbaud* court's denial of the 12(b)(1) motion does not apply here. *Burns*, 2021 WL 3500964, at *4.

### B. PaperlessPay's 12(b)(6) Motion to Dismiss Should Be Granted.

#### 1. The Negligence and Breach of Contract Claims Fail.

Plaintiffs argue in their opposition that they were harmed because they spent time responding to fraudulent charges. This is not alleged in the CCAC. Plaintiffs failed to allege "some actual harm" as required by the case law. Plaintiffs only expressly alleged *attempted* identity theft. *See* CCAC, ¶¶ 100, 106; *In re Brinker Data Incident Litig. (In re Brinker II)*, No. 3:18-CV-686-J-32MCR, 2020 WL 691848, at *6 (M.D. Fla. Jan. 27, 2020). And, contrary to Plaintiffs' assertions, the Court in *In re Brinker II* relied on the fact that the plaintiffs "incurred fraudulent charges on their

payment cards." 2020 WL 691848, at *6. Here, Plaintiffs do not allege that an unemployment insurance claim was actually processed, that any money was paid out, nor that Plaintiffs suffered an adverse action from the unemployment office.

Plaintiffs reliance on *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), with respect to the breach of contract claim only, is misplaced. The underlying claim there was a First Amendment violation, not breach of contract. The *Uzuegbunam* case did not abrogate binding Florida case law requiring non-speculative damages as set forth *In re Brinker II*, 2020 WL 691848, at *6.

**2. The Unjust Enrichment Claim Fails.**

Plaintiffs admit they failed to confer a direct benefit on PaperlessPay, which is required for an unjust enrichment claim. Plaintiffs argue they conferred a benefit on PaperlessPay through intermediaries (their respective employers). The cases Plaintiffs cited in support of this argument are inapposite because the plaintiffs in those cases actually paid money to the intermediaries, which is not the case here. *Weinberg v. Advanced Data Processing, Inc.*, 147 F. Supp. 3d 1359, 1368 (S.D. Fla. 2015) (Plaintiff paid money to intermediary for ambulance trip who in turn had direct relationship with Defendant medical biller); *Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CIV, 2011 WL 4901346, at *5 (S.D. Fla. Oct. 14, 2011) (Plaintiffs alleged that Wells Fargo Bank received kickbacks and/or commissions taken directly from the insurance premiums they paid to intermediaries); *In re ConAgra Peanut Butter Prod. Liab. Litig.*, No. 1:07MD1845-TWT, 2008 WL 2132233, at *3 (N.D. Ga. May 21, 2008) (Defendant marketed its product directly to consumers and directly profited from

consumer demand). Plaintiffs in this case failed to allege that they paid their employers any money that would have gone to PaperlessPay for its services and "courts have routinely rejected the proposition that an individual's [PII] has an independent monetary value." *Welborn v. IRS*, 218 F. Supp. 3d 64, 78 (D.D.C. 2016).

**3. The Intrusion Upon Seclusion/Invasion of Privacy Claim Fails.**

The seclusion and privacy claims fail because the CCAC's allegations sound in negligence and not intentional conduct. The two cases Plaintiffs cite in support of their argument that they adequately pled an intrusion upon seclusion/invasion of privacy claim are not on point and are not binding. Florida case law makes it clear that there is no valid claim for the alleged negligent commission of an intentional tort. *Resnick v. AvMed, Inc.*, No. 1:10-CV-24513-JLK, 2011 WL 1303217, at *2 (S.D. Fla. Apr. 5, 2011); *Burrows v. Purchasing Power, LLC*, No. 1:12-CV-22800-UU, 2012 WL 9391827, at *6 (S.D. Fla. Oct. 18, 2012); *Carlisi v. Sprintcom, Inc.*, No. 06-60751-CIV, 2006 WL 8432613, at *2 (S.D. Fla. Sept. 6, 2006).

**4. The Breach of Confidence Claim Fails.**

This claim fails because PaperlessPay did not itself disclose any of Plaintiffs' PII, as required by law to raise an actionable claim. CCAC, ¶¶ 53-55; *In re Brinker II*, 2020 WL 691848, at *22. Plaintiffs argue, but failed to allege in the CCAC, that there was a "special relationship" between them and PaperlessPay. Plaintiffs try to analogize their case to *In re Capital One Consumer Data Security Breach Litigation*, 488 F. Supp. 3d 374, 409 (E.D. Va. 2020). In *In re Capital One*, however, the plaintiffs actually had a direct (or "special") relationship with the defendant – their bank. *Id.*

### 5. The FDUTPA Claim Fails.

Plaintiffs only pled consequential damages in the CCAC, which are not allowed in a FDUTPA claims. CCAC, ¶¶ 205, 213. "[U]nauthorized charges, lost time, and lost cash-back rewards are all consequential damages." *In re Brinker II*, 2020 WL 691848, at *13; *see also In re Blackbaud, Inc.*, No. 3:20-mn-02972-JMC, 2021 U.S. Dist. LEXIS 151831, at *27 (D.S.C. Aug. 12, 2021) (Dismissing FDUTPA claim in a data incident case where plaintiffs only alleged "[f]raud and identity theft, time and money spent on mitigation, an increased risk of fraud and identity theft, and loss of value of Florida Plaintiffs' PII"). Plaintiffs' alleged emotional distress is also not actual damages. *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 993 (S.D. Cal. 2014), *order corrected*, No. 11MD2258 AJB (MDD), 2014 WL 12603117 (S.D. Cal. Feb. 10, 2014) (dismissing FDUTPA claim in data incident case). Courts have consistently rejected the claim that personal information has an independent economic value, so these are also not actual damages. *Id.*; *Welborn*, 218 F. Supp. 3d at 78; *Burrows*, 2012 WL 9391827, at *3. Regarding the injunctive relief portion of Plaintiffs' FDUTPA claim, it fails for the reasons stated in the Motion.

### 6. The Declaratory Judgment Claim Fails.

Plaintiffs failed to meet their burden to establish Article III standing. Plaintiffs' claim fails for this reason alone. *In re Brinker Data Incident Litig. (In re Brinker III)*, No. 3:18-CV-686-J-32MCR, 2020 WL 4287270, at *4 (M.D. Fla. July 27, 2020).

For all of the foregoing reasons, PaperlessPay respectfully requests that the Court grant its Motion.

Dated: August 16, 2021.

Respectfully submitted,

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

*/s/ Keith J. Barnett*
Ronald I. Raether, Jr., Esq.*
(*admitted *pro hac vice*)
5 Park Plaza, Suite 1400
Irvine, CA 92614
T: (949) 622-2700
F: (949) 622-2739
E: ron.raether@troutman.com

Keith J. Barnett, Esq.*
(*admitted *pro hac vice*)
John S. Gibbs, III, Esq.
Florida Bar No. 91102
600 Peachtree St., Suite 3000
Atlanta, GA 30308
T: (404) 885-3000
F: (404) 885-3900
E: keith.barnett@troutman.com
E: evan.gibbs@troutman.com

**BISHOP & MILLS**
Thomas E. Bishop, Esq.
Florida Bar No. 956236
1 Independent Drive, Suite 1700
Jacksonville, FL 32202
T: (904) 598-0034
F: (904) 598-0395
E: tbishop@bishopmills.com

*Attorneys for Defendant PaperlessPay Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 16, 2021, this document was electronically filed with the Clerk of Court using the CM/ECF electronic filing system, which electronically notifies all counsel of record.

*/s/ Keith J. Barnett*