UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ROBIN ALLGOOD and DAVID COLLINS,<br><br>Plaintiffs,<br><br>v.<br><br>PAPERLESSPAY CORPORATION,<br><br>Defendant. | Civil Action No. 3:20-cv-00516-MMH-MCR |

**DECLARATION OF KEITH J. BARNETT**

I, Keith J. Barnett, declare as follows:

1. I am a partner in the Atlanta office of Troutman Pepper Hamilton Sanders LLP and I am one of the attorneys for Defendant PaperlessPay Corporation ("PaperlessPay") in this matter. I submit this declaration in support of PaperlessPay's Motion to Dismiss (the "Motion"). The statements in this declaration are based on my personal knowledge and they are true and accurate. If called as a witness in this action I could and would testify competently to the same.

2. As explained in the Motion, there is no evidence of data exfiltration resulting from the Data Incident. This fact is not new to Plaintiffs' counsel. On October 12, 2020, I attended a meet and confer call with my colleagues and Plaintiffs' Counsel. At this time, Plaintiffs' counsel represented the previously named plaintiffs Renee McDonald, Kevin Thompson, Tara Shearer, Elleanor Spann, and Samuel Huss. On this call, we explained that PaperlessPay's investigation, Ankura's investigation, and

the DHS and FBI's investigations revealed that there was no evidence of data exfiltration. Thus, we requested that Plaintiffs provide any evidence of actual harm or that they dismiss their cases. Plaintiffs' counsel declined to do so. On October 30, 2020, my colleague sent an email attaching a letter recapitulating the facts presented to Plaintiffs' counsel at the meet and confer call. Although Plaintiffs acknowledge receipt of this letter in their opposition, Plaintiffs' counsel never responded to this letter.

3. On February 15, 2021, shortly after the Eleventh Circuit issued its ruling in *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332 (11th Cir. 2021), my colleague sent a second email to Plaintiffs' counsel attaching an additional letter reiterating that there is no evidence of data exfiltration, explaining why Plaintiffs lacked Article III standing, and requesting any evidence of actual harm or that Plaintiffs dismiss their cases. Plaintiffs' counsel never provided any evidence of actual harm.

4. Plaintiffs' counsel have consented to each and every request to extend the deadline to submit Case Management Reports. In fact, while the parties were exchanging drafts of the Case Management Report in June 2021, I suggested that the parties conduct discovery related to Plaintiffs' standing under Article III generally, and the arguments that PaperlessPay presented in it 12(b)(1) motion in particular. Counsel for Plaintiffs sent an email to me on June 10, 2021 stating, in pertinent part, "... after discussion with the team about your proposal [to conduct Article III discovery], ***we'd actually like to counter-propose agreement on a stay of all discovery pending resolution of the motion to dismiss.***" *See* Exhibit 1 hereto, which is a true and correct copy of the

email correspondence between counsel for Plaintiffs and me concerning Article III discovery. (Emphasis added.) As can be seen from even a cursory review of the dockets, Plaintiffs' counsel have not filed any motions related to discovery. At no point did Plaintiffs' counsel object to staying discovery in this case despite being in possession of the Motion and related evidence submitted for weeks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 16, 2021 at Atlanta, Georgia.

Keith J. Barnett

# EXHIBIT 1

| | |
|---|---|
| **From:** | David Lietz <dlietz@masonllp.com> |
| **Sent:** | Thursday, June 10, 2021 5:20 PM |
| **To:** | Barnett, Keith; Figueroa, Oscar A. |
| **Cc:** | kyanes@kmf-law.com |
| **Subject:** | RE: Paperless Pay |
| **Attachments:** | Paperless Pay draft CMR TP Edits 6-10.docx |

**EXTERNAL SENDER**

Keith and Oscar, after discussion with the team about your proposal, we'd actually like to counter-propose agreement on a stay of all discovery pending resolution of the motion to dismiss. Given the tenor of our discussions, I believe that you're in agreement with me that this is a sensible approach, and one that your client can get behind. I've made some edits to that effect. The only one that I believe might be a judgment call Is the paragraph explaining why a stay of discovery makes sense. I included that because of what your local counsel said about this Court, but am not wedded to this language or to even including such a paragraph.

As you'll see, I accepted all your other changes, including the changed dates, so I think if we can reach agreement on a discovery stay, we have a final product to file with the Court. Please let me know your thoughts.

**David K. Lietz**
**d** 202.975.0476 | **m** 202.744-1795 | dlietz@masonllp.com
MASON LIETZ & KLINGER LLP
ATTORNEYS AT LAW

---

**From:** Barnett, Keith <Keith.Barnett@troutman.com>
**Sent:** Thursday, June 10, 2021 4:24 PM
**To:** David Lietz <dlietz@masonllp.com>; Figueroa, Oscar A. <Oscar.Figueroa@troutman.com>
**Subject:** RE: Paperless Pay

Sorry for the confusion. We are fine with you conducting discovery limited to the evidence that we submitted and arguments that we made in our standing motion. Similarly, if we want to conduct discovery that concerns standing (i.e. deposing your clients and/or seeking documents concerning the allegations of attempted identity theft), we would be allowed to do so before our reply brief is due or before you file your opposition.

**Keith Barnett**
**Partner**
**troutman pepper**
Direct: 404.885.3423 | Mobile: 404.401.1904
keith.barnett@troutman.com

---

**From:** David Lietz <dlietz@masonllp.com>
**Sent:** Thursday, June 10, 2021 2:36 PM

**To:** Barnett, Keith <Keith.Barnett@troutman.com>; Figueroa, Oscar A. <Oscar.Figueroa@troutman.com>
**Subject:** RE: Paperless Pay

**EXTERNAL SENDER**

Thanks for this Keith.

Question coming back from this side – what exactly are "standing issues?" There's a concern that this proposal could be read to essentially allow defendant every opportunity to depose plaintiffs and to take any discovery on plaintiffs' standing, while giving plaintiffs no discovery at all. I don't think that's what you meant, but I think it would be better if you explained what you envisioned.

**David K. Lietz**
**d** 202.975.0476 | **m** 202.744-1795 | dlietz@masonllp.com
MASON LIETZ & KLINGER LLP
ATTORNEYS AT LAW

---

**From:** Barnett, Keith <Keith.Barnett@troutman.com>
**Sent:** Thursday, June 10, 2021 12:26 PM
**To:** David Lietz <dlietz@masonllp.com>; Figueroa, Oscar A. <Oscar.Figueroa@troutman.com>
**Subject:** RE: Paperless Pay

Please see the attached redlined CMR.

1. No substantive changes

2. Pushed almost everything out by 3 months with the exception of initial disclosures (7/6/21) and deadline for moving to join a party. I propose later that we limit initial disclosures to standing issues for now and we will supplement the initial disclosures if the Court denies the Motion to Dismiss.

3. I added our description of the action.

4-6. No changes

7. I added that Plaintiffs will allow us to file a reply brief by 8/16 and Plaintiffs do not object to our request for oral argument.

8. No changes

9. I added our discovery categories and state that we should limit initial disclosures/discovery to standing issues.

10-11. No changes

**Keith Barnett**
**Partner**
troutman pepper
Direct: 404.885.3423 | Mobile: 404.401.1904

keith.barnett@troutman.com

---

**From:** David Lietz <dlietz@masonllp.com>
**Sent:** Wednesday, June 9, 2021 9:49 AM
**To:** Barnett, Keith <Keith.Barnett@troutman.com>; Figueroa, Oscar A. <Oscar.Figueroa@troutman.com>
**Subject:** RE: Paperless Pay

**EXTERNAL SENDER**

Good morning Keith and Oscar,

I may have created a little confusion, as it sounds like what you're suggesting is a joint motion to stay the case until after resolution of the MTD. That wasn't what I had in mind (although I see the wisdom of it when courts unilaterally impose that schedule in their local rules), or had authority from the broader plaintiffs' team to agree upon. Rather, it was to create an extended case schedule that builds into it some agreed upon phasing of discovery that isn't full blown bifurcation, but that is pragmatic and gets the plaintiffs what they need in the early stages of the case, without putting unnecessary and intolerable discovery burdens on defendant. Avoiding formal bifurcation would also do away with any pointless arguments on what constitutes class discovery versus merits, when in these cases the two are so intertwined. I attempted to embody all that in the fairly stretched out schedule in the draft CMR, and was hoping that we could jointly agree on such a schedule in the CMR that we'll submit.

Does that clarify where I'm at, or further muddy the waters?

**David K. Lietz**
**d** 202.975.0476 | **m** 202.744-1795 | dlietz@masonllp.com
MK MASON LIETZ & KLINGER LLP
ATTORNEYS AT LAW

---

**From:** Barnett, Keith <Keith.Barnett@troutman.com>
**Sent:** Wednesday, June 9, 2021 9:01 AM
**To:** David Lietz <dlietz@masonllp.com>; Figueroa, Oscar A. <Oscar.Figueroa@troutman.com>
**Subject:** RE: Paperless Pay

David, I think we should be ok to move forward with a joint motion. Please see the following from local counsel: "I think that a structure that respects time needed to resolve motions and still kicks into gear if the case survives will not upset her. Are we thinking a joint motion? If so we can craft the language in a neutral way that makes the intentions clear and respectful."

**Keith Barnett**
**Partner**
troutman pepper

Direct: 404.885.3423 | Mobile: 404.401.1904
keith.barnett@troutman.com

---

**From:** David Lietz <dlietz@masonllp.com>
**Sent:** Tuesday, June 8, 2021 2:05 PM
**To:** Barnett, Keith <Keith.Barnett@troutman.com>; Figueroa, Oscar A. <Oscar.Figueroa@troutman.com>
**Subject:** Paperless Pay

**EXTERNAL SENDER**

Hey guys, are we still on for the CMR call?

**David K. Lietz**
**o:** 202.429-2290. **d:** 202.975.0476 | dlietz@masonllp.com
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue, NW, Suite 305 Washington, D.C. 20016
masonllp.com | facebook

MASON LIETZ & KLINGER LLP
ATTORNEYS AT LAW

This email (including any attachments) is intended only for the use of the recipient to whom it is addressed and may contain information that is privileged, confidential, or protected by law. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please delete the email and any attachments and notify us immediately. Thank you.

---

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.